STATE OF HAWAI`I, Plaintiff-Appellee,
v.
CHRISTOPHER R. GREYWOLF, Defendant-Appellant.
No. 29293
Intermediate Court of Appeals of Hawaii.
May 8, 2009.
On the briefs:
Craig W. Jerome, Deputy Public Defender, State of Hawai`i, for Defendant-Appellant.
Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE, and LEONARD, JJ.
Defendant-Appellant Christopher R. Greywolf (Christopher) appeals from the judgment entered by the District Court of the First Circuit, Honolulu Division (district court)[1] on July 3, 2008, convicting and sentencing him for reckless endangering in the second degree in violation of Hawaii Revised Statutes (HRS) § 707-714(1) (Supp. 2008).[2] We affirm.
The charge against Christopher stemmed from an incident that occurred on March 19, 2008, in which Christopher allegedly drove to pick up his girlfriend after her work shift, got into an argument with her while they were driving home, stopped the vehicle he was driving, ordered his girlfriend to get out of the car, pushed her out of the car, and drove off before she had gotten completely out of the vehicle, causing her to be dragged by the vehicle and sustain an injured ankle. The district court found Christopher guilty as charged, orally explaining as follows:
Alright, based on the evidence presented, both the two exhibits that were entered into evidence, and actually, even just based on the testimony presented by [Christopher's girlfriend] that he was driving. Court does find you guilty of the offense as charged.
There's been testimony that you made eye contact with her while she was still in the vehicle, albeit one foot out, and at that point decided to move forward so, and the statute doesn't call for substantial  serious bodily injury, just the risk thereof, a substantial risk and disregarding that risk.
So, at the very least, you did act recklessly. Maybe not intentionally or knowingly, but clearly recklessly by knowing that the victim was halfway in the vehicle and proceeding at that point. And finally, there was testimony from her that she was dragged, albeit in her initial examination, she was inconsistent with her statement. I'm gonna find you guilty as charged.
The two exhibits that the district court relied on in convicting Christopher were: (1) a written statement made by Christopher's girlfriend following the March 19, 2008 incident; and (2) a photograph of Christopher's girlfriend's injuries.
On appeal, Christopher challenges the sufficiency of the evidence to support the judgment of conviction. Specifically, he asserts that there was insufficient evidence adduced that he knew that his girlfriend was still partly in the vehicle when he drove off.
The standard of review for a challenge to the sufficiency of the evidence is as follows:
[E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Richie, 88 Hawai`i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawai`i 128, 145, 938 P.2d 559, 576 (1997)). "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Richie, 88 Hawai`i at 33, 960 P. 2d at 1241 (internal quotation marks and citation omitted).
State v. Bayly, 118 Hawai`i 1, 6, 185 P.3d 186, 191 (2008) (brackets in original).
Viewing the evidence adduced at trial in the light most favorable to the prosecution, we conclude that there was substantial evidence to support Christopher's conviction. Therefore,
IT IS HEREBY ORDERED that the judgment of the district court is affirmed.
NOTES
[1] The Honorable Edwin Nacino presided.
[2] HRS § 707-714(1) provides currently, as it did at the time Christopher allegedly committed the charged offense, as follows:

Reckless endangering in the second degree. (1) A person commits the offense of reckless endangering in the second degree if the person:
(a) Engages in conduct that recklessly places another person in danger of death or serious bodily injury[.]
"`Serious bodily' injury means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." HRS § 707-700 (1993). "`Bodily injury' means physical pain, illness, or any impairment of physical condition." Id. "A person acts recklessly with respect to a result of his [or her] conduct when he [or she] consciously disregards a substantial and unjustifiable risk that his [or her] conduct will cause such a result. HRS § 702-206 (3) (c) (1993). "